IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-06-BU-DLC-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| CHAD A. THOMPSON, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 72.)

On May 1, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 12 months custody with no supervised release to follow.

I.    BACKGROUND

In June 2018, Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Docs. 20, 23.)  On October 18, 2018, the Court sentenced Defendant to 20 months incarceration, followed by a

term of 36 months supervised release.  (Docs. 27, 28.)  Defendant began his first

term of supervised release on March 19, 2020.

On June 1, 2021, Defendant's supervised release was revoked for (1) alcohol

use, (2) failure to submit to a drug test, (3) drug use, and (4) association with a

known felon.  (Docs. 50.)  He was sentenced to a term of time served, followed by

a term of 35 months supervised release.  (*Id.*)  Defendant began his second period

of supervised release on June 1, 2021.

On January 17, 2023, Defendant's supervised release was revoked a second

time for (1) failure to report to testing, (2) consumption of alcohol, (3)

consumption of psychoactive substances, and (4) use of controlled substances.

(Doc. 66.)  He was sentenced to a term of time served, followed by a term of 34

months supervised release.  (*Id.*)  Defendant began his third period of supervised

release on January 17, 2023.

On October 3, 2023, the United States Probation Office filed the petition

now at issue.  (Doc. 70.)  Based on the petition, Judge Christensen issued a warrant

for Defendant's arrest.  (Doc. 71.)  Defendant made an initial appearance on April

17, 2024.  (Doc. 73.)  Defendant, represented by counsel, stated that he had read

the petition and waived a preliminary hearing.  (*Id.*)  The Court set the final

revocation hearing for May 1, 2024.  (Doc. 77.)

/ / /

2

On April 23, 2024, the United States Probation Office filed an Amended Petition. (Doc. 78.) The petition alleges that Defendant violated seven conditions of supervised release, and provides a brief explanation of each violation.

## II.   FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock. Jacob Yerger represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is B, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 12–18 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any custody time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

/ / /

/ / /

Counsel for the United States requested a sentence of 18 months incarceration with no supervised release to follow.  Defendant's counsel requested a sentence of four months incarceration with no supervised release to follow.

## III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervision, his supervised release should be revoked.  The Court should sentence Defendant to 12 months custody with no supervised release to follow.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to these factors, Defendant has a significant criminal history, and had a criminal history category of IV at the time of sentencing on the underlying offense.  His previous criminal conduct is largely related to his possession and use of controlled substances, as well as traffic and property offenses.

Defendant has been under supervision for the instant offense for over four years, and has been given multiple opportunities to come into compliance with his supervision.  He has received relatively lenient sentences on two prior revocations, and has also been given multiple opportunities to remain in a treatment court in Montana state court.  Despite those opportunities, he has continued to violate the

/ / /

conditions of supervised release, and has now been convicted of another felony offense while on supervision.

The undersigned has considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.  Respective sentences of 42 days and one day custody in his prior revocations were not sufficient to deter additional violations.  A sentence of custody within the advisory guideline range is warranted to deter future criminal conduct.  A custodial sentence will also protect the public from Defendant's criminal conduct while he is in custody.

The undersigned has also considered the need for future educational or vocational training and correctional treatment.  Defendant has been on supervised release for over four years, and has exhausted the services that are available to him through the U.S. Probation Office.  An additional term of supervised release would not be beneficial to Defendant or the public.  Nevertheless, he will not be released into the community unsupervised since he will be under the supervision of the State of Montana for five years.  Duplicate supervision would serve no purpose in these circumstances.

In determining an appropriate sentence within the guideline range, however, the undersigned also considered the nature and circumstances of the underlying offense, felon in possession of a firearm.  While certainly serious, a sentence at the

high end of the revocation range here would approach the original sentence imposed for the underlying offense.  A sentence at the low end of the guideline range of 12 months is more proportional to the nature and circumstances of the underlying offense and the current violations, and is sufficient, but not greater than necessary, to accomplish the purposes of 18 U.S.C. § 3553(a).

After the undersigned announced the above recommended sentence, Defendant's counsel requested a sentence of 12 months and one day.  Defendant was advised that a sentence of 12 months would nevertheless be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also again reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

## IV.   CONCLUSION

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.     Defendant violated the standard condition that he must notify the probation officer at least 10 days before any change in living arrangements when it was discovered during an unannounced home visit on October 16, 2023, that Defendant allowed his girlfriend, Rachel Carlson, and her minor child to move

/ / /

into his residence without notifying his supervising officer of the change in his living arrangements.

2.      Defendant violated the standard condition that he must not communicate or interact with someone he knows is engaged in criminal activity (1) when he admitted to his probation officer on February 8, 2023, that he was aware Ms. Carlson was using illegal substances and that he caught her using methamphetamine in his home two days prior, but continued his relationship with her knowing she was engaged in criminal activity via her drug use; and (2) when Defendant admitted on March 24, 2023, to having unapproved contact with Ms. Carlson, after Defendant's probation officer was notified by Montana child protective services that Defendant and Ms. Carlson were continuing to have contact.

3.      Defendant violated the standard condition that he must notify the probation officer at least 10 days before any change in employment when Defendant reported during an unannounced home visit on June 19, 2023, that he was terminated from his employment at Winco on June 7, 2023.

4.      Defendant violated the special condition that he must participate in substance abuse testing when failed to report to Community Solutions, Inc. for random substance abuse testing on August 15, 2023.

/ / /

5.      Defendant violated the standard condition that he must answer truthfully the questions asked by his probation officer when he admitted during a meeting with the Montana Thirteenth Judicial District Court Assisting Military Offenders Court ("CAMO Court") team on September 5, 2023, that he had been abusing his prescriptions for Clonidine and Seroquel by taking more than the prescribed dosage and, since entering the program, had been untruthful when questioned about taking medications as prescribed.

6.      Defendant violated the mandatory condition that he must not commit another federal, state, or local crime (1) when U.S. probation officers conducted a home contact on February 7, 2023, and located a glass pipe and two substances that field tested positive for methamphetamine, subsequent to which Defendant pled guilty on August 25, 2023, to endangering the welfare of children and criminal possession of drug paraphernalia, both misdemeanors, in Yellowstone County Justice Court; and (2) when Defendant entered Western Security Bank on September 5, 2023, picked up a wallet mistakenly left behind by another patron, exited the bank, and was subsequently charged with felony theft in Yellowstone County District Court and sentenced on April 15, 2024.

7.      Defendant violated the special condition that he must participate in the CAMO Court and not terminate from the program without approval from the U.S. Probation Office when Defendant appeared before Judge Mary Jane Knisely in

CAMO Court on October 18, 2023, and opted out of the program without receiving permission to do so.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to 12 months custody with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 1st day of May, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge